UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

—o0o—

| | |
|---|---|
| JOSE JESUS RAMIREZ,  )<br>  )<br>        Petitioner,  )<br>  )<br>v.  )<br>  )<br>  )<br>JEFF WRIGLEY, et al.,  )<br>  )<br>        Respondents.  )<br>_____ ) | 1:06-cv-01494-AWI-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (Doc. 1)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN FIFTEEN DAYS |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    Petitioner filed his petition on October 4, 2006, claiming that the process employed by the Bureau of Prisons ("BOP") to determine the amount of time Petitioner should be assigned to a Residential Re-Entry Center ("RRC") prior to his full release from BOP custody was illegal and unconstitutional. (Doc. 1). Petitioner indicated that he was serving a sentence of twelve months and one day and that his projected release date was January 28, 2007. (Id. at p. 2).

    The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Court has no power to decide cases that do not affect the rights of litigants in the case before it. DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Mitchell v. Dupnik, 75 F.3d 517, 527-528 (9th Cir. 1996). "To satisfy the Article III case or controversy requirement, a litigant must have suffered some

1  actual injury that can be redressed by a favorable judicial decision." <u>Iron Arrow</u>, 464 U.S. at 70
2  (citing <u>Simon v. Eastern Ky. Welfare Rights Org.</u>, 426 U.S. 26, 38 (1976)); <u>N.A.A.C.P., Western</u>
3  <u>Region</u>, 743 F.2d at 1353.
4     The Court has determined from the Bureau of Prison's own database that Petitioner was
5  released from custody on February 27, 2007; his status is now listed as "released."  Petitioner's
6  sole ground for relief concerned when the BOP should place Petitioner in an RRC prior to his
7  release from custody.  As mentioned, it appears that Petitioner is no longer in the custody of the
8  BOP.  Therefore,  there is no further relief that this Court can provide in these habeas
9  proceedings.  Accordingly, the action is moot and should be dismissed.  <u>Murphy v. Hunt</u>, 455
10 U.S. at 481; <u>Iron Arrow</u>, 464 U.S. at 70.

**<u>RECOMMENDATIONS</u>**

12    Accordingly, the Court HEREBY RECOMMENDS that the instant petition for writ of
13 habeas corpus (Doc. 1) be DISMISSED as MOOT.
14    These Findings and Recommendations are submitted to the United States District Judge
15 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of
16 the Local Rules of Practice for the United States District Court, Eastern District of California.
17 Within fifteen (15) days after being served with a copy, any party may file written objections
18 with the Court and serve a copy on all parties.  Such a document should be captioned "Objections
19 to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
20 and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
21 objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to
22 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the
23 specified time may waive the right to appeal the District Judge's order. <u>Martinez v. Ylst</u>, 951
24 F.2d 1153 (9th Cir. 1991).

26 IT IS SO ORDERED.
27 Dated:   **November 14, 2007**              **/s/ Theresa A. Goldner**
                                           UNITED STATES MAGISTRATE JUDGE